By the Court.—Sedgwick, Ch. J.
The action was for damages, from the negligence of the defendant, that caused a personal injury of plaintiff.
The learned counsel for the appellant argues that, as matter of law, the verdict should have been directed for defendant. The ground of this, as claimed is that as the plaintiff was an interested witness, the version of the transaction as testified to by four witnesses for the defendant, that contradicted her testimony, should have' been taken to be conclusive upon the jury. In my opinion the jury were at liberty to disregard things sworn to by the defendant’s witnesses to such an extent that they could find the plaintiff’s testimony to be credible upon the material issues.
On the issue of the damages the judge charged, “ that the damages to which the plaintiff is entitled, in case she is entitled to recover at all, include her physical pain and mental suffering and such general inability to attend to any business as a music teacher which the evidence, with reasonable certainty, shows she has sustained ; that *396 there is no evidence oí any specific loss of business or loss of time in her business, and nothing can be allowed specifically for any of these items.”
The counsel for defendant excepting to the charge that there could be a recovery for the inability referred to and asked the court to charge to the contrary, which was refused.
In my opinion the charge with its limitations was correct. Although the plaintiff gave no proof of a specific loss of business, she gave proof as to the physical consequence of the destruction of the end of her finger, in impairing the use of her hand in playing upon the piano. For this impairment the jury might assess a compensation which would not necessarily include a compensation for a loss of business, and the plaintiff could not in the nature of things, give testimony as to what would be compensation. It was therefore to be fixed, as in many other like cases it has to be, by the jury itself. The same is to be said of the other consequences of the injury, that according to the plaintiff’s testimony prevented her from attending to her usual business of a music teacher. Apart from the loss that might be suffered, in her .not getting money from her pupils, there was something to be compensated, in her not being able to employ her time and her faculties in a way that she had lawfully chosen. In this case the jury could not have gone to a fanciful conjecture on this point, for the judge was most careful to instruct it that the plaintiff could recover damages what only were shown with certainty.
The amount of the verdict was not excessive.
Judgment and order appealed from affirmed with costs.
O’Gorman, J., concurred.